UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUSTIN JAMES HAWKINS,

    Petitioner,                                          Case No. 1:21-CV-10145
                                                                  Honorable Thomas L. Ludington

v.

CONNIE HORTON,

    Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

On January 7, 2021, Petitioner Dustin James Hawkins, currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se protective petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; carrying a concealed weapon, Mich. Comp. Laws § 750.227, carrying a concealed weapon with unlawful intent, Mich. Comp. Laws § 750.226, and two counts of possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.[1]

Petitioner filed what he entitles an "Ex Parte Motion for a Declaration Tolling The AEDPA's 1-year period of Limitations to File a Petition for a Writ of Habeas Corpus." Petitioner asks this Court to prospectively equitably toll the one year limitations period found in 28 U.S.C. § 2244(d)(1) for filing habeas petitions because the Coronavirus pandemic has forced the prison where he is incarcerated to close its law library, making it impossible for him to research and write

---

[1] The Court obtained the information concerning the petitioner's actual convictions from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court may take judicial notice of. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

a proper habeas petition and/or research, write, and file a state post-conviction motion for relief from judgment to exhaust additional claims that he did not raise on his appeal of right.

The Court construes Petitioner's Motion as a protective petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, because he indicates that he wishes to seek habeas relief on his claims but requests an extension of time to file a more properly researched petition and brief and/or return to the state courts to exhaust additional claims before seeking habeas relief. *See e.g. Sueing v. Palmer*, 503 F. App'x 354, 356–57 (6th Cir. 2012) (holding that petitioner's letter to the district court to grant a stay and abeyance or to extend the time to file a petition for writ of habeas corpus should have been construed as a new habeas petition); *Watkins v. Haas*, 143 F. Supp. 3d 632, 638 n.4 (E.D. Mich. 2015) (construing petitioner's request to stay the petition as a newly filed petition for a writ of habeas corpus), *rev'd sub nom. on other grounds Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017).

A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005).

Petitioner essentially requests an extension of time to file an amended habeas petition to either (1) seek habeas relief on the claims he raised on his appeal of right, or (2) to seek a stay of proceedings while he returns to the state courts to exhaust additional claims. A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. *See e.g. Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998). This Court is willing to grant Petitioner an extension of time to file an amended habeas petition for Petitioner to properly present his claims. The Court will also grant Petitioner an extension of time to file any memorandum of law in support of his claims, if he so chooses. A habeas petitioner is permitted to

assert his claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005). If Petitioner decides at the time that he wishes to return to the state courts to exhaust additional claims, he is free at that time to file a motion to stay the proceedings during the pendency of any state post-conviction motion.

The Court will grant Petitioner an extension of time to file an amended habeas petition. The Court recognizes the grave health risks of the novel coronavirus ("COVID-19") and its impact on prison operations and the life of the inmates who are incarcerated. Because of the uncertainty as to the duration of the COVID-19 pandemic and its effect on prison facilities, the Court will not leave the case open indefinitely but will administratively close the case. This shall not be considered an adjudication of the merits of the petition.

Petitioner shall have ninety (90) days from the date that the prison lockdown ends in the Michigan Department of Corrections and full prison library privileges are restored to file his amended habeas petition, any memorandum of law in support of the petition, and any motion to stay the proceedings pending the exhaustion of additional claims in the state courts, if he decides that he has additional potentially meritorious claims to raise in the state courts. Petitioner shall file a motion to reopen the petition when he files his amended habeas petition and any additional pleadings.

Accordingly, it is **ORDERED** that the proceedings are **STAYED** and that Petitioner's habeas petition be held in **ABEYANCE**.

It is further **ORDERED** that Petitioner is **GRANTED** an extension of time to file an amended habeas petition and any additional pleadings. Petitioner shall have **ninety (90) days** from the time that the prison lockdown ends in the Michigan Department of Corrections and full prison library privileges are restored at his facility to file his amended habeas petition and any additional

pleadings. Petitioner shall file a motion to reopen the petition under the current case number and using the current caption.

It is further **ORDERED** that to avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943–44 (E.D. Mich. 2015). Upon receipt of a motion to reopen the habeas petition, the Court will order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

Dated: February 10, 2021     s/Thomas L. Ludington
                              THOMAS L. LUDINGTON
                              United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Dustin James Hawkins** #776829, CHIPPEWA CORRECTIONAL FACILITY, 4269 W. M-80, KINCHELOE, MI 49784 by first class U.S. mail on February 10, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager